

FILED

MAY 27 2015

U.S. COURT OF
FEDERAL CLAIMS

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JULIO VILLARS        )
                       )
        Plaintiffs,    )
v.                     )
                       )   No. 13-363 Judge Damich
THE UNITED STATES,   )
                       )
        Defendant.    )

## PLAINTIFFS' MOTION TO STAY PROCEEDINGS TO CONDUCT DISCOVERY

COME NOW JULIO VILLARS, Plaintiff, Pro-se without the assistance of Counsel, pursuant to RCFC 56 (d) and request that this court stay the proceedings to permit Plaintiff time to obtain essential documents which Defendant continually refuses to acknowledge both the existence of and key terms contained therein. Defendant has filed its motion alleging Rule 12(b)(6) – (b)(1).

Defendant has submitted documents not directly referenced in the pleadings. As such, Defendant's motion is considered a motion for Summary judgment. The existence of these contracts and the specific terms relied upon by Plaintiff are the essence of this cause of action. These are yearly contracts at issue. Yet Defendant has not provided related documents. Because they are not complete, it can be inferred that Defendant submits documents only beneficial to its arguments. In fairness to Plaintiff and to the court that must decide this matter based on all relevant facts, a short period for discovery should be permitted.

The attached Memorandum details the current inequities and how the courts have resolved this issue. Plaintiff incorporate by reference the entire record in this matter, and any and all exhibits attached hereto.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION

## I. LEGAL STANDARD

As a matter of course, when a court considers evidence outside the pleadings in a 12(b)(1) and/or 12(b)(6) motion, it is converted to a Rule 56 motion for summary judgment. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir.2002). In this proceeding, defendant, in possession of all relevant documents, submits only selected affidavits bearing on the issue of discretionary reward, award payments and the issue of changing Plaintiff immigration status before the court. The court should reject Defendant's attempt to put blinders on the court by limiting the information before it. The "Confidential Human Source" contracts at issue are negotiated yearly. However, in supporting its pleadings, Defendant submits affidavit denying the existence of the contracts and select documents which the court should question whether these are even for the 2008, 2009 or 2010 contract. Defendant's selective submission of documents should be construed against Defendant. When substantial matters outside the pleadings are presented, as here, and are not rejected by the court, a Rule 12(b)(6) motion must be treated as one for summary judgment under Rule 56. *Couden v. Duffy*, 446 F.3d 483 (3rd Cir 2006).

However, Defendant has not produced all the relevant documents for the Court's consideration. Because of defendant's willful conduct, Plaintiffs should be given a reasonable opportunity to present all material evidence pertinent to the motion. *Id.* The emphasis is that all the documents are in Defendant's possession; for its advantage, it has submitted a only two self-service affidavit. On a Motion to Dismiss under RCFC 12(b)(6), when outside documents are attached to such motion, the motion to dismiss will be converted into a motion for summary judgment unless the attached document(s) "is: (1) central to the Plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002). In this context, undisputed means that the authenticity of the document(s) is not challenged. *Id.* In this matter, even the facts in the affidavit of FBI Special Agent Roecker attached by Defendant to its motion

2

to dismiss is admittedly in dispute. At a minimum, there are three years of contracts with related documents not produced. By virtue of Defendant's inclusion of and reliance upon a partial submission of relevant documents, it has rendered this situation a one-sided motion for summary judgment.

As stated in Plaintiff's declaration, Plaintiffs have not had access to the relevant documents. Defendant's motion is properly converted to a motion for summary judgment under Rule 56 because the question is intertwined with other issues.

## II.ARGUMENT

### A. By Any Reasonable Interpretation, Defendants have converted their Motion to Dismiss Into a Motion for Summary Judgment

Plaintiff filed his Complaint. In lieu of an Answer, Defendant filed a Motion to Dismiss claiming that Plaintiff failed to state a claim, and that the Court Lack Jurisdiction

In Response Plaintiff complain that defendant is not fulfilling its duty to the court in failing to produce all relevant documents which are exclusively in its possession. To plaintiff substantial prejudice he do not have access to all relevant documents which would surely, at minimum be demanded by this court to make a well-informed resolution of this dispute. The selected documents submitted by defendant clearly are documents outside the pleadings and bear on the essential facts in the complaint. As a threshold even the authenticity and content of the attached affidavits are in dispute, their consideration by the court converts the Defendant's motion into a summary judgment. *Horsley v. Feldt*, 304 F.3d at 1134. Defendant does not even claim the attached documents are all the relevant documents, rather Defendant glosses it over seeking a narrow scope of the court's review, putting Plaintiffs at a disadvantage. See *Pryor v. NCAA*, 288 F.3d 548, 559-60 (3rd Cir.2002); *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.1998); *Van Bushirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir.2002).

**B. Defendant's Denial of the Contracts Supports Plaintiffs' Discovery Request.**

In support of its Motion to Dismiss, Defendant's alleges 12(b)(6), failure to state a claim

upon which relief may be granted Defendant's assertion that the contracts didn't exist supports

this very request by Plaintiff to conduct discovery to obtain those contracts and related

documents in their entirety.

Similarly, Defendant's assertion of Plaintiff's failure to state a claim under 12(b)(6) supports

Plaintiffs' request to conduct discovery to obtain the documents in question.

**C. Complete Candor Regarding the Content of the Supporting Documents is Required.**

Another important fact, that Defendant will not challenge, is that the documents it now

submits fail to specified why no protection or judicial assistance was provided as agreed in the

contracts, although Defendant does not confess this to the court. The affidavits do not provide

any representation of the promises of protection and judicial assistance in dispute in this case.

**III. CONCLUSION**

In fairness to the plaintiff, who is only seeking what he is due, the court should defer

ruling on the motion to allow the parties to present additional material or engage in discovery or

until evidence is offered at trial. _Sizova v. Nat. Inst. of Stds. & Tech._, 282 F.3d 1320, 1326

(10thCir 2002); _State Employees Bargaining v. Rowland_, 494F.3d 71 (2ndCir 2007); _Teacher's_

_Retirement System v. Hunter_, 477 F.3d 162 (4thCir 2007); _Roberts v. Wal-mart Stores, Inc._,

2007 WL 2456122.

RESPECTFULLY SUBMITTED,

Date: May 26, 2015

Julio Villars
2307 North Mason #2
Chicago, Illinois 60639
773-469-6474

4

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 26, 2015, I caused to be mailed a copy of "PLAINTIFF OPPOSITION TO DEFENDANT THE UNITED STATES MOTION TO DISMISS PURSUANT TO RULE 12 (b)(1)-(b)(6) and for SUMMARY OF JUDGEMENT, PLAINTIFF MOTION TO STAY PROCEEDINGS TO CONDUCT DISCOVERY. addressed as follow:

NATHANAEL B. YALE
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Julio Villars Plaintiff Pro-se
2307 North Mason #2
Chicago, Ill 60639
juliovillars419@gmail.com
773-746-5910