IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JULIO VILLARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-363C |
| | ) | (Judge Griggsby) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law, to which no answer is required.

2. The allegations contained in paragraph 2 are conclusions of law and characterizations of the case, to which no answer is required.

3. Admits.

4. Admits that defendant is the United States, that the Federal Bureau of Investigation, the Drug Enforcement Administration, the Department of Justice, and Immigration and Customs Enforcement are agencies of the United States; the remaining allegations in paragraph 4 are conclusions of law to which no answer is required.

5. Admits the allegation in paragraph 5 that Mr. Villars is a Honduran citizen, denies the allegation in paragraph 5 that Mr. Villars worked in the transportation business in the United States for the last seven years for lack of knowledge or information sufficient to form a belief as to its truth; the allegation that the United States entered into a contract with Mr. Villars is a conclusion of law to which no answer is required; denies the remaining allegations in paragraph 5, but avers that Mr. Villars was registered as a CHS by the FBI on August 5, 2008.

6. Admits the allegation in paragraph 6 that in 2008 Mr. Villars met with Special Agent William Roecker of the FBI while in immigration detention; the allegation in paragraph 6 that the "government offered a contract through agents with authority to bind the United States is a conclusion of law, to which no response is required;" denies the remaining allegations in paragraph 6.

7. Denies.

8. The allegation in paragraph 8 that Mr. Villars entered into a contract with the United States is a conclusion of law to which no answer is required. Admits that Mr. Villars signed documents related to his work as a confidential human source and that he was not provided copies of every document that he signed; denies the remaining allegations in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. The allegations contained in paragraph 9 regarding an agreement with the United States and whether Mr. Villars committed a crime are conclusions of law to which no answer is required, denies the remaining allegations, including with regard to Mr. Villars' motivation, for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth and the source of Mr. Villars' quotations.

11. Admits the allegations in paragraph 11 except denies the allegations that the Task Force operated under the supervision of the United States Attorney's office and that it operated out of the DEA Special Agent-in-Charge's office, and avers that the Task Force coordinated with the United States Attorney's office.

12. The allegations contained in paragraph 12 that the United States entered into an agreement with Mr. Villars is a conclusion of law, to which no answer is required; admits the

remaining allegations contained in paragraph 10 to the extent supported by the documents cited, which are the best evidence of their contents, otherwise denies.

13. Denies.

14. Denies.

15. The allegations contained in paragraph 15 are conclusions of law, to which no response is required, to the extent they may be deemed allegations of fact, they are denied.

16. Admits the allegations in paragraph 16 that as a confidential human source Mr. Villars was provided with the alias "Ghost Two," and that he used this alias in signing for every payment received; the implication in the allegations in paragraph 16 that Mr. Villars had an enforceable agreement with defendant is a conclusion of law, to which no answer is required.

17. Admits that in his role as a confidential human source for the FBI Mr. Villars worked in Illinois and California during the period 2008-2010.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth and the source of Mr. Villars' quotations. Admits the allegations contained in the second sentence of paragraph 18 that as a confidential human source during the period from 2008 to 2010, Mr. Villars portrayed the role of a drug courier, money courier, and drug buyer.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth and the source of Mr. Villars' quotations.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth and the source of Mr. Villars' quotations.

21. Admits the allegations contained in paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents, otherwise denies.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth and the source of Mr. Villars' quotations.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth and the source of Mr. Villars' quotations.

24. Admits that documents regarding Mr. Villars' role as a confidential human source exist, otherwise denies the remaining allegations contained in paragraph 24 for lack of knowledge or information sufficient to a belief as to any acknowledgement by the United States regarding these allegations.

25. The allegations contained in paragraph 25 are conclusions of law, to which no answer is required.

26. The allegations contained in paragraph 26 of a promise or agreement to protect Mr. Villars are conclusions of law, to which no answer is required; denies the remaining allegations in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in the first sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 27 are conclusions of law, to which no answer is required.

28. Admits that on or around October 13, 2010, Mr. Villars was transferred to the custody of Immigration and Customs Enforcement after Mr. Villars was arrested for driving under the influence. Denies the remaining allegations contained in paragraph 28 for lack of knowledge or information sufficient to a belief as to their truth.

29. Denies the allegations contained in the first sentence of paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth. With regard to the second sentence of paragraph admits that Mr. Villars has sought a "U Visa certification" from the Federal District Court for the Northern District of Illinois, admits that the United States has opposed such relief, and avers that Mr. Villars is not entitled to a U Visa.

30. The allegations in paragraph 30 do not require a response because pursuant to the Court's April 26, 2016 order, that portion of Mr. Villars's claim related to his detention as a material witness was dismissed for lack of subject matter jurisdiction. Otherwise admits that on or about October 27, 2010 the United States sought a material witness warrant for Mr. Villars, and denies the remaining allegations in paragraph 30.

31. The allegations in paragraph 31 do not require a response because pursuant to the Court's April 26, 2016 order, that portion of Mr. Villars's claim related to his detention as a material witness was dismissed for lack of subject matter jurisdiction.

32. The allegations in paragraph 32 regarding Mr. Villars' detention as a material witness do not require a response because pursuant to the Court's April 26, 2016 order, that portion of Mr. Villars's claim was dismissed for lack of subject matter jurisdiction. The remaining allegations contained in paragraph 32 are conclusions of law, to which no answer is required.

33. The allegations in paragraph 33 regarding Mr. Villars' detention as a material witness do not require a response because pursuant to the Court's April 26, 2016 order, that portion of Mr. Villars's claim was dismissed for lack of subject matter jurisdiction. Denies the remaining allegations in paragraph 33.

34. The allegations contained in paragraph 34 are conclusions of law, to which no answer is required.

35. The allegations contained in paragraph 35 are conclusions of law, to which no answer is required.

36. The allegations contained in paragraph 36 are conclusions of law, to which no answer is required.

37. Defendant's responses to paragraphs 6-33 are incorporated by reference, the remaining allegations in paragraph 37 are conclusions of law to which no response is required.

38. The allegation contained in paragraph 38 that Mr. Villars entered into a contract is a conclusion of law, to which no answer is required, denies the remaining allegations in paragraph 38 regarding Mr. Villars' understanding for lack of knowledge or information sufficient to form a belief as to their truth.

39. The allegations contained in paragraph 39 are conclusions of law, to which no answer is required.

40. The allegation in paragraph 40 regarding Mr. Villars' detention as a material witness does not require a response because pursuant to the Court's April 26, 2016 order, that portion of Mr. Villars's claim was dismissed for lack of subject matter jurisdiction. The remaining allegations contained in paragraph 40 are conclusions of law, to which no answer is required.

41. The allegations contained in paragraph 41 are conclusions of law, to which no answer is required.

42. The allegations contained in paragraph 42 are conclusions of law, to which no answer is required.

43. The allegations in paragraph 43 regarding Mr. Villars' detention as a material witness do not require a response because pursuant to the Court's April 26, 2016 order, that portion of Mr. Villars's claim was dismissed for lack of subject matter jurisdiction. The remaining allegations contained in paragraph 43 are conclusions of law, to which no answer is required, to the extent they may be deemed allegations of fact, they are denied.

44. Defendant's responses to paragraph 1-43 are incorporated by reference.

45. The allegations contained in paragraph 45 are conclusions of law, to which no answer is required.

46. Denies the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth and the source of Mr. Villars' quotations.

47. The allegations contained in paragraph 47 are conclusions of law, to which no answer is required.

48. The allegations contained in paragraph 48 are conclusions of law, to which no answer is required.

49. The allegations contained in paragraph 49 are conclusions of law, to which no answer is required.

50. The allegations contained in paragraph 50 are conclusions of law, to which no answer is required.

51. The allegations contained in paragraph 51 are conclusions of law, to which no answer is required.

52. The allegations contained in paragraph 52 are conclusions of law, to which no answer is required.

53. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 52, or to any relief whatsoever.

54. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Nathanael B. Yale
NATHANAEL B. YALE
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0464
Facsimile: (202) 514-8624

*Attorneys for Defendant*

OF COUNSEL:
CHRISTOPHER R. DONOVAN
Assistant General Counsel
Civil Litigation Unit I
Office of the General Counsel
Federal Bureau of Investigation

May 24, 2016