# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JULIO VILLARS, </br></br> Plaintiff, </br></br> v. </br></br> THE UNITED STATES OF AMERICA, </br></br> Defendant. | Case No. 13-363 </br></br> Judge Lydia Kay Griggsby |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the Court of Federal Claims (RCFC) and the Court's May 26, 2016 Order, Plaintiff Julio Villars and Defendant the United States, hereby submit this Joint Preliminary Status Report (JPSR). Where Plaintiff's and Defendant's positions differ, the respective positions are set forth *seriatim* below.

**a) Does the Court have jurisdiction over the action?**

Plaintiff contends that this Court has jurisdiction over Plaintiff's claims of breach of contract under 28 U.S.C. § 1491(a). At this point, Defendant has identified no basis to question the Court's jurisdiction.

**b) Should the case be consolidated with any other case and, if so, why?**

No. Neither party knows of any other case that should be consolidated with the present case.

**c) Should trial of liability and damages be bifurcated and, if so, why?**

The Parties agree that the trial of liability and damages should not be bifurcated.

**d) Should further proceedings in the case be deferred pending consideration of any other case before this court or any other tribunal and, if so, why?**

No. Further proceedings in this case should not be deferred pending consideration of any other case.

**e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No. At the present time, the Parties do not foresee any reason for seeking a remand or suspension of this matter.

**f) Will additional parties be joined and, if so, a statement describing such parties their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

No, the Parties do not anticipate that any additional parties will be joined in this action.

**g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

The Parties have no immediate plans to file a Rule 56 motion, but reserve the right to file one or more motions for summary judgment after or during discovery directed towards liability or damages, if it appears that there are no genuine issues of material fact. With regard to the deadline for filing such motions, the Court's May 26, 2016 Order directs that the parties file a joint status report on or before March 24, 2017 setting out a proposed briefing schedule for dispositive motions, if warranted.

**h) What are the relevant factual and legal issues?**

    <u>Plaintiff's View:</u>

       i.    Whether or not Plaintiff Mr. Villars entered into an agreement with the Defendant, the United States, or any agency or agent therein.

ii. Whether or not any agreement with agents of the United States was made enforceable through ratification by the United States.

iii. If so, whether or not the United States breached its enforceable agreement with Mr. Villars and, if so, the scope of that breach.

iv. Whether Mr. Villars suffered damages as a result of the United States' breach and if so, the measure of those damages.

Defendant's View:

i. Whether Mr. Villars can meet his burden of demonstrating that he entered into a contract with Defendant cognizable under the Tucker Act pursuant to a ratification theory.

ii. If so, what are the terms of that contract?

iii. If an enforceable contract existed, whether Mr. Villars can meet his burden of demonstrating that Defendant breached the terms of the contract.

iv. If so, whether Mr. Villars can meet his burden of proving that he incurred damages as a result of any such breach.

v. If so, whether Mr. Villars can meet his burden of proving with reasonable certainly the amount of any such damages.

**i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties discussed settlement in general terms at the early meeting of counsel, and have agreed to continue to discuss settlement during discovery as a clearer picture of the facts emerges.

**j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, the case may be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on this subject.**

At this time the Parties do anticipate proceeding to trial, however neither Party requests an expedited trial schedule.

**k) Are there special issues regarding electronic case management needs?**

No.

Proposed Discovery Plan (Paragraph 5 of Appendix A)

With regard to a proposed discovery plan as identified in paragraph 5 of Appendix A, the Parties note that the Court has already issued deadlines for discovery in the Court's May 26, 2016 Order. In addition, the Parties make the following statements regarding discovery:

Plaintiff's Position:

Plaintiff incorporates the discovery plan incorporated in the Court's May 26, 2016 Order. Plaintiff is entitled to and will pursue all discovery necessary to prove its claims.

Defendant's Position:

Defendant's position is that in accordance with the Court's April 26, 2016 Opinion and Order, discovery in this case should not be expansive, and should involve limited document and deposition discovery that is in proportion to the issues raised in this litigation.

Respectfully submitted,

| | |
|---|---|
| /s/ Grant H. Willis | |
| GRANT H. WILLIS | BENJAMIN C. MIZER |
| ALEXANDER M. YABROFF | Principal Deputy Assistant Attorney General |
| JONES DAY | |
| 51 Louisiana Ave. NW | ROBERT E. KIRSCHMAN, JR |
| Washington, DC 20001 | Director |
| (202) 879-3847 | |
| (202) 626-1700 | s/Steven J. Gillingham |
| ghwillis@jonesday.com | STEVEN J. GILLINGHAM |
| ayabroff@jonesday.com | Assistant Director |
| | |
| | s/Nathanael B. Yale |
| *Attorneys for Plaintiff* | NATHANAEL B. YALE |
| | Trial Attorney |
| | Commercial Litigation Branch |
| | Civil Division |
| | U.S. Department of Justice |
| | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, DC 20044 |
| | Telephone:(202) 616-0464 |
| | Facsimile:(202) 514-8624 |
| | nathanael.b.yale@usdoj.gov |
| | |
| | *Attorneys for Defendant* |

July 12, 2016